IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES DONAGHUE | : |
| 5251 Highway 290 West, #2 | : |
| Dripping Springs, TX  78620 | : |
| | : |
|       Plaintiff, | : |
| | : |
|    v. | : |
| | : |
| UNITED STATES OF AMERICA | :     Civil No. |
| | : |
| Serve: Ronald C. Machen, Jr., Esquire | : |
|       United States Attorney for | : |
|       District of Columbia | : |
|       555  4th Street, N.W. | : |
|       Washington, D.C.  20530 | |
| | : |
|       and | : |
| | : |
| Serve:  Eric Holder, Esquire | : |
|       Attorney General of the United | : |
|       States of America | : |
|       10th St. & Constitution Ave., N.W. | : |
|       Washington, D.C. 20530 | : |
| | : |
|       Defendant. | : |

## **COMPLAINT**

Plaintiff, James Donaghue, by undersigned counsel, hereby files this Complaint against the United States of America and for this cause of action states:

1.    This action arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671, et seq.

2.    Plaintiff James Donaghue, is a resident of Dripping Spring, Texas.

3.      Venue for this action is appropriately in this District pursuant to 28 U.S.C. 1402, upon information and belief as some or all of the acts of negligence complained of occurred in this District.

4.      The medical care at issue here was rendered by Jennifer Nathan, MD to Mr. James Donaghue in her role as an attending radiology for  Fort Belvoir Community Hospital (hereinafter "FBCH"). At all times pertinent hereto, Dr. Nathan was an employee of the Department of the Army, an agency of the United States of America, and was acting within the scope of her employment.

5.      Upon information and belief the CT images at issue were read and/or the report was drafted and signed by Dr. Jennifer Nathan in the District of Columbia.  Therefore, the negligent acts occurred in the District of Columbia and District of Columbia law applies in this matter.

6.      Pursuant to 28 U.S.C. § 2675(a), the allegations (in the form of a claim) set forth herein were presented to the Department of the Army  on January 13, 2014. (Attached as Exhibit 1.) Six months has expired since the filing of a claim and, accordingly, all administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

7.      Mr. Donaghue sought treatment with Dr. Michael J. Nathan   in April, 2012, for acute  facial pain and swelling on the right side.

8.      On or about April 17, 2012, Dr. Michael J. Nathan examined Mr. Donaghue and referred him for a CT scan of the neck.

9.      On or about April 19, 2012, Mr. Donaghue presented for a CT scan of the neck to Fort Belvoir Community Hospital.

10.     Dr. Jennifer Nathan was the attending radiologist who interpreted the images of Mr. Donaghue's neck and issued the final report of the CT scan of Mr. Donaghue's neck as "unremarkable with no evidence of a mass".

11.     Mr. Donaghue continued to see Dr. Michael J. Nathan on several occasions for treatment for the continuation of his symptoms.

12.     Upon information and belief, Dr. Michael Nathan relied on the April 19, 2012 CT report issued by the Dr. Jennifer Nathan in his care and treatment of Mr. Donaghue.

13.     On or about October 9, 2012, Plaintiff underwent a second CT of the neck and was diagnosed with a mass in the right parotid space.

14.     On or about October 31, 2012, Plaintiff underwent a biopsy and pathology confirmed a parapharyngeal squamous cell carcinoma.

15.     Mr. Donaghue underwent chemotherapy and radiation treatment, and experienced severe and permanent complications including, but not limited to extensive and permanent hearing loss, difficulty speaking, difficulty swallowing, chocking episodes, radiation burn, pain, suffering and mental anquish,, loss of chance of survival and other physical and emotional injuries.

16.     Mr. Donaghue has suffered extensive permanent injuries as a direct result of the conduct of the defendants, including pain and suffering, disfigurement, emotional distress and embarrassment, past and future medical bills, past and future lost wages and other damages past and future.

## COUNT I
### (Medical Negligence)

17.     The medical personnel of the Fort Belvoir Community Hospital, specifically Dr. Jennifer Nathan, was an employee, agent, servant and/or ostensible agent of the United States of America operating within the scope of her employment when she rendered care and gave  medical advice to Mr. Donaghue and his treating physician.

18.     The medical personnel of Fort Belvoir Community Hospital, including Dr. Jennifer Nathan,   had a duty to provide that degree of care and skill exercised by a reasonable and prudent Health Care Provider in the same or similar circumstances during their treatment of Mr. Donaghue.

19.     The United States, by and through its employes, including Dr. Nathan, breached the standard of care by 1) failing to properly interpret and report the findings of the April 19, 2012, CT scan which clearly demonstrated a suspicious mass,  (2) failing to alert the ordering physician of this finding, and (3) in otherwise failing to provide James Donaghue with the degree of medical skill and attention required of health care providers under similar circumstances.

4

20.     Plaintiff further alleges that the negligent acts and/or omissions committed by the Defendant directly and proximately caused or contributed to the significant delay in the diagnosis of Mr. Donaghue's cancer and further caused plaintiff significant physical injuries, ultimately resulting in Plaintiff's severe and permanent injuries, including but not limited to hearing loss, difficulty speaking, difficulty swallowing, chocking episodes, radiation burn, pain, suffering and mental anquish, loss of chance of survival and other physical and emotional injuries.

21.     As a further direct and proximate result of the negligence of the Defendant, Plaintiff James Donaghue has suffered and will continue to suffer much physical pain, suffering, disfigurement, deformity, associated embarrassment, inconvenience and mental anguish, including lost wages and future lost wages and permanent and complete disability from his prior gainful employment and successful career.

22.     As a further direct and proximate result of the negligence of the Defendant, Plaintiff James Donaghue is likely to suffer recurrence of his cancer and lose his life. Plaintiff has incurred substantial medical expenses and will incur future medical expenses and related damages as a consequence of Defendant's negligence.

WHEREFORE, Plaintiff, James Donaghue demands judgment against Defendant for all damages allowable under District of Columbia law, $10,000,000.00 plus costs and interest and such other relief as may be just and proper.

Respectfully submitted,

WILLIAMS BERTRAM


__/s/ Catherine D. Bertram_____
Catherine Bertram, #425052
bertram@williamsbertram.com
Harvey S. Williams  #437147
hsw@williamsbertram.com
1666 Connecticut Avenue, N.W.
Suite 250
Washington, DC  20009
 (202) 462-5900
(202) 462-5904  fax
*Counsel for Plaintiffs*